UNITED STATES LEATHER CO. v. ALDRICH et al.

(Supreme Court, Appellate Division, Third Department.   September 3, 1902.)

1. LOGGING—BURSTING OF BOOM—DAMAGE TO DAM—DUTY TO REPAIR.
    Plaintiff owned a dam, in which was a log boom used by defendants. On one occasion when the boom broke defendants notified plaintiff's foreman to repair it, which he did, sending the bill to defendants, who paid it.   Subsequently the boom broke, injuring plaintiff's dam, but the materials which gave way were not put in by plaintiff.   *Held* not to show that plaintiff had assumed the responsibility of repairing and maintaining the boom.

2. EVIDENCE—SCOPE OF OBJECTIONS.
    Objections to testimony do not raise the question of the competency of the witness to give the testimony objected to.
    Fursman, J., dissenting.

Appeal from special term, St. Lawrence county.

Action by the United States Leather Company against Newton Aldrich and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Abbott & Dolan, for appellants.

Earl Bancroft, for respondent.

CHASE, J. The plaintiff is the owner of certain lands in St. Lawrence county, through which flows the Oswegatchie river. On the north side of the river on said lands plaintiff has a tannery, and across said river from the tannery it maintains a dam, and in the dam is a log chute 38½ feet wide. This dam has been maintained for many years. It is protected by booms running to a pier, and from the pier to a big rock at the head of the pond. The defendants are copartners, and own and operate a sawmill on said river below the plaintiff's property. In 1898 and 1899 the defendants constructed a reservoir on a branch of said river above the plaintiff's premises. The reservoir, when full of water, covers about 300 acres, and is about 10 feet deep. The water is used to flood the river and float logs down over the plaintiff's dam to the defendants' sawmill. On a morning in April, 1900, the defendants caused the water to be let out of said reservoir, and some hours thereafter the water at the plaintiff's dam suddenly rose 16 inches, and brought a great quantity of the defendants' logs against the booms, and the booms were broken, and the logs flowed through and against the plaintiff's dam and bulkhead, taking out about 40 feet of the same. The plaintiff brings this action to recover its damages. The record does not disclose any right in the defendants to float logs over plaintiff's lands; indeed, no such right is asserted by the appellants in this court. The appellants contend that theretofore the plaintiff assumed to repair and maintain the booms, and that, if the booms failed to hold the logs, it was by reason of the plaintiff's failure to sufficiently repair and maintain the same. The booms were placed in the dam prior to 1896 by defendants, or persons who desired to float logs in the river. They consisted of logs fastened together with chains made of three-eighths to five-eighths inch iron. In 1896, the dam and booms having been injured, one of the defendants told the superintendent of the plaintiff to repair them. Plaintiff repaired the dam and booms, and sent a statement of the expense thereof to the defendants, and it was paid. In repairing the booms plaintiff sent to the defendants for five-eighths inch chains, and used a portion of them. The three-eighths inch chains were not strong enough, and it was such chains, as well as some of the boom logs, that broke at the time mentioned. Plaintiff did not put in the three-eighths inch chains. The evidence is far short of showing that the plaintiff assumed the responsibility, not only of repairing the booms, but of maintaining the same for years thereafter, to the defendants' benefit, without limit in the number of logs to be run, or in the extent of the artificial means to be used in forcing the logs upon the booms. The record, although unsatisfactory, is sufficient to entitle the plaintiff to damages.

The objections to the testimony relating to damages are not sufficient to raise the question as to the competency of the witness to give testimony in regard thereto. The detailed statement of expenditures was conceded to be "a correct account of the expenditures made by plaintiff to repair the dam and bulkhead of its property."

The judgment should be affirmed, with costs. All concur, except FURSMAN, J., who dissents.